UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Crystal R. Perry,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:15–cv–2418

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff objects to Magistrate Judge Jolson's Report and Recommendation ("R&R") recommending the Court affirm the decision of the Commissioner of Social Security in this social security case. Object., ECF No. 27. For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R, ECF No. 26.

### I.    STANDARD OF REVIEW

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Court must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to by Plaintiff. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

With respect to the underlying Administrative Law Judge's ("ALJ") opinion denying Plaintiff's application for benefits, judicial review is limited to determining whether the ALJ's findings are supported by substantial evidence and employed the proper legal standards. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); 42 U.S.C. § 405(g). "If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth,* 402 F.3d at 595.

## II. ANALYSIS

Plaintiff applied for disability insurance benefits and supplemental social security income in September 2011, alleging mental health disabilities and urinary incontinence. ALJ Dec., ECF No. 32-2 at PAGEID ## 79, *et seq.* Plaintiff's application was denied. *Id.* After two evidentiary hearings, the Administrative Law Judge concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* The Magistrate Judge recommended upholding this decision. R&R, ECF No. 26.

### A. Objection One

Plaintiff argues that "the ALJ committed multiple errors" in reviewing the medical opinion of her counselor Mark Coakely ("Coakley"), including discrediting him as "not an acceptable medical source" regarding Plaintiff's alleged mental health disabilities. Obj. 2, ECF No. 27. For example, Plaintiff argues that the ALJ acknowledged, but did not appreciate the extent of, her and "Coakley's

treatment relationship." *Id.* at 4. Further, Plaintiff argues that the ALJ applied the incorrect legal standard when he limited his review of Coakley's opinion "to the extent that it helps understand how an impairment affects the ability to work." *Id.* at 3. Instead, Plaintiff argues, the ALJ should have granted Coakley's opinion "great weight" because "his special knowledge" could "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at 3, citing SSR 06-3p. Plaintiff argues that the Magistrate Judge, in issuing her R&R, did not "fully appreciate" the ALJ's errors. *Id.* at 3–4.

Coakley was a professional counselor who treated Plaintiff at Consolidated Care. As such, he was properly classified by the ALJ as a nonmedical "other source." Soc. Sec. Ruling ("SSR") 06-03p (describing "counselors" as non-medical sources). The Magistrate Judge's R&R accurately recounts Coakley's relevant treatment history with Plaintiff and his opinion of her condition:

> Mr. Coakley began seeing Plaintiff in October of 2011 and continued to see her at least until the ALJ issued his opinion. (Doc. 13-8, Tr. 792-93, PAGEID # 860–61). Mr. Coakley reported Plaintiff had problems with self-mutilation, depression, and anxiety. (*Id.* at PAGEID # 854; *id.* at PAGEID # 862).
>
> On May 3, 2013, after Plaintiff had filed for disability benefits, Mr. Coakley completed an residual functioning capacity ("RFC") questionnaire. He found Plaintiff to have no impairments related to social interaction and mild or moderate limitations related to sustained concentration and persistence. (Doc. 13-10, Tr. 2334, PAGEID # 2158). As for adaptation abilities, Mr. Coakley found Plaintiff not impaired in most categories, moderately impaired in her ability to respond appropriately to changes in work setting, and mildly impaired in her abilities to behave predictably, reliably, and in an emotionally stable manner and to tolerate customary work

pressures. (*Id.* at PAGEID # 2158–59). Mr. Coakley additionally found that Plaintiff was likely to miss five or more days due to her condition and her condition would deteriorate "if placed under stress, particularly the stress of an [8] hour per day, 5 day per week job." *Id.* at PAGEID # 2159; *see also id.* ("Client is overwhelmed by chronic stress which worsens symptoms of depression and anxiety.").

R&R 3–4, ECF No. 26.

The ALJ noted that he had reviewed Coakley's RFC questionnaire "in accordance with SSR 06-3p," but he afforded it "little weight" because it was "not supported by the other evidence of record," including Coakley's own treatment notes, and it "relied quite heavily on [Plaintiff's] subjective complaints, which . . . are not entirely credible." ALJ Dec., ECF No. 13-2 at PAGEID # 87.

It is apparent from the record that the ALJ cited and applied the correct legal standard in reviewing Coakley's opinion, even if the ALJ did not recite the entirety of the relevant statutes themselves. As the Magistrate Judge explained, the ALJ discussed Coakley's treatment notes and resulting RFC questionnaire throughout his decision. He acknowledged the treatment relationship between Coakley and Plaintiff, examined the GAF scores Coakley assigned to Plaintiff, and considered Plaintiff's treatment at Consolidated Care under Coakley's supervision. R&R 9, ECF No. 26 (citing to the record). The ALJ, looking at this evidence and the rest of record as a whole, simply did not find Coakley's opinion persuasive or credible. That was his call to make. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) ("An ALJ has discretion to determine the proper weight to accord opinions from other sources."). The Court, after an

independent review of the record, finds that (1) substantial evidence supports the ALJ's findings regarding the weight and usefulness of Coakley's opinion, and (2) the ALJ employed the correct legal standard in making these findings.

Moreover, any error by the ALJ in reviewing Coakley's opinion was necessarily harmless. R&R 8–9, ECF No. 27. The ALJ, despite affording Coakley's opinion little weight, nonetheless found that Plaintiff suffered from the "severe impairments" of post-traumatic stress disorder and anxiety disorder. ALJ Dec., ECF No. 13-2 at PAGEID # 82. The Court, after carefully reviewing the record, agrees with the Magistrate Judge's determination that "[n]othing in Mr. Coakley's opinion or treatment notes indicates severe mental impairments beyond what the ALJ listed[.]" R&R 8, ECF No. 26. Therefore, even if the ALJ had afforded Coakely's opinion the "great weight" that Plaintiff argues it deserved, the resulting decision would have been the same.

Accordingly, the Magistrate Judge did not err in upholding the ALJ's determination.

### B. Objection Two

Plaintiff argues that the ALJ improperly found that her alleged urinary incontinence was not a "medically determinable impairment because it did not satisfy the durational requirement." Obj., 6, ECF No. 27. To satisfy the durational requirement, an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. The ALJ, Plaintiff argued, mistakenly believed that her initial incontinence diagnosis

was in June 2013, rather than on January 9, 2013. Obj., 6–7, ECF No. 27. According to Plaintiff, this mistake necessitates remand to the ALJ. *Id.* at 7.

On this issue, the ALJ stated:

> At the hearing, [Plaintiff] testified to having problems with urinary incontinence (Exhibit 38F). However, the record indicates that this is a recent issue (*i.e.*, June 2013). There are no ongoing treatment records relative to this condition and nothing to suggest that this problem will continue to last at least 12 months.

ALJ Dec., ECF No. 13-2 at PAGEID # 82.

Plaintiff's argument is correct in part; the record indicates that she first complained of urinary incontinence at an emergency room visit months earlier on January 9, 2013. Med. Records, ECF No. 13-10 at PAGEID # 2034. During that visit, Plaintiff worried she was pregnant because she had been experiencing "[u]rinary incontinence and abdominal pain" for the past month. *Id.* The emergency room doctor determined that Plaintiff was not pregnant, advised that she may be experiencing urinary incontinence or even early stages of appendicitis, and instructed her to follow-up with her primary care physician and a urologist. *Id.* at PAGEID ## 2036–37.

Plaintiff did not visit a urologist or raise the issue with her primary physician, despite having multiple medical appointments over the following months. The Magistrate Judge accurately summarizes Plaintiff's medical history on this point:

> Plaintiff did not complain of urinary symptoms during any of the visits; denied pain while urinating or the urge to urinate at night; and was not treated in any way for urinary incontinence. (*See generally*

> Doc. 13-9, Tr. 1698–1706, PAGEID # 1767-75; *id.* at PAGEID # 1783–1800; Doc. 13-10, Tr. 2000–08, PAGEID # 2070–78; *id.* at PAGEID # 2079–87; *id.* at PAGEID # 2185–93; *id.* at PAGEID # 2195–2235). Further, the record shows no evidence that Plaintiff consulted a urologist.

R&R 12, ECF No. 27.

Accordingly, even if the ALJ misstated the date of Plaintiff's initial complaint regarding urinary incontinence, he was correct in finding that "[t]here are no ongoing treatment records relative to this condition" or any other indication that the condition plagued Plaintiff "for a continuous period of at least 12 months.'" ALJ Dec., ECF No. 13-2, PAGEID # 82. While urinary incontinence may have been among the host of symptoms Plaintiff complained of during an ER visit in January of 2009, no diagnosis was made at that time, and Plaintiff did not thereafter follow-up with her doctor or seek treatment. To the contrary, she indicated over the next few months that her urination was normal. Thus, as the Magistrate Judge found, there is substantial evidence that Plaintiff's alleged urinary incontinence is not a medically determinable impairment that has, or is likely to, persist for at least twelve months. An isolated complaint, without any follow-up, is not enough to show that this finding was in error.

Accordingly, the Magistrate Judge did not err in upholding the ALJ's determination.

## III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The Clerk shall enter final judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**